1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10  CHRISTOPHER BROWN, an                    Civil No.   14-cv-0661-BTM (DHB)
    individual,
11
                            Plaintiff,       **ORDER RESOLVING JOINT**
12                                           **MOTION REGARDING**
                                             **PLAINTIFF'S REQUEST FOR**
13          v.                               **LIMITED DISCOVERY BEYOND**
                                             **THE ADMINISTRATIVE**
14                                           **RECORD**
    UNITED HEALTHCARE
15  INSURANCE COMPANY, a                     **[ECF No. 13]**
    Corporation; QUALCOMM
16  INCORPORATED, a Corporation; and
    DOES 1 through 10, inclusive,
17
                            Defendants.
18

19          On August 25, 2014, Plaintiff Christopher Brown and Defendants United

20  Healthcare Insurance Company ("United") and Qualcomm Inc. ("Qualcomm") filed a

21  Joint Motion Regarding Plaintiff's Request for Limited Discovery Beyond the

22  Administrative Record.  (ECF No. 13.)   After reviewing the Joint Motion and the

23  applicable law, the Court hereby **GRANTS** Plaintiff's request to compel, as outlined

24  below.

25                            **I.  BACKGROUND**

26          Plaintiff brings this action under the Employee Retirement Income Security Act

27  of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").  Plaintiff alleges that at all

28  relevant times he was insured under the Qualcomm Choice Plus PPO Plan (the "Plan"),

group number 704201.  (Compl., ¶ 6.)  Plaintiff alleges United acted as a third party administrator of the Plan and that it was "involved in the authorization and appeal/review process relative to Plaintiffs [sic] claim at issue herein."  (Compl., ¶ 2.)  Plaintiff further alleges:

> While the subject plan was in effect, Plaintiff's treating neurologist recommended an occipital nerve stimulator implant for the treatment of Plaintiff's occipital neuralgia and chronic head pain which is debilitating to Plaintiff who has exhausted other treatment options without relief.  Plaintiff submitted a claim for a one week trial run of nerve stimulation using temporary leads which was approved by the Defendants.  The trial run was completely successful and resulted in life changing relief from the severe pain.  Thereafter a claim was submitted for approval of a permanent occipital nerve stimulator implant.  Although Defendants preliminarily authorized this procedure which was scheduled for July 19, 2012, approximately one week before the scheduled procedure the Defendants notified Plaintiff and his neurologist that the procedure would not be covered.

(Compl., ¶ 7.)

Plaintiff contends Defendants breached their contractual and fiduciary duties under the Plan, in violation of ERISA, "by failing to approve/authorize Plaintiff's covered claim for the implantation of an occipital nerve stimulator."  (Compl., ¶ 9.)  Plaintiff further alleges that in response to a "second level appeal" to Qualcomm, "he obtained the claim file and learned from the Defendants [sic] own materials in the claim file that the procedure was proven and supported by clinical trials.  Plaintiff also learned that the implantation of an occipital nerve stimulator was recognized as an appropriate treatment option by the American Association of Neurological Surgeons."  (Compl., ¶ 10.)

Through this action Plaintiff now seeks a judicial determination that he is entitled to coverage of an occipital nerve stimulator implant.

On August 7, 2014, the Court held a Case Management Conference during which Plaintiff's counsel advised the Court that he intended to pursue discovery outside of the administrative record.  The Court ordered the parties to file a joint motion concerning this issue, which they did on August 25, 2014.

/ / /

/ / /

## II. DISCUSSION

### 1.    Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of "any non privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.* However, the Court must limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  FED. R. CIV. P. 26(b)(2)(C)(iii).  "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005)).

Generally, discovery is disfavored in ERISA actions.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) ("[I]n general, a district court may review only the administrative record when considering whether the plan administrator abused its discretion."); *see also Klein v. Northwestern Mut. Life Ins. Co.*, 806 F. Supp. 2d 1120, 1125 (S.D. Cal. 2011) ("Normally, no discovery is allowed in an action in federal court seeking review of a denial of benefits under an ERISA plan.").  This is because "a primary goal of ERISA [is] 'to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.'" *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005) (quoting *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993)).

However, if there is a structural conflict of interest, the court may consider evidence outside the record to determine if the plan administrator's denial was affected by the conflict.  *Abatie*, 458 F.3d at 970; *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112

1    (2008) (holding that when a plan administrator is operating under a structural conflict of

2    interest, that conflict must be weighed as a factor in determining whether there was an

3    abuse of discretion).  A structural conflict of interest occurs when the insurer acts as

4    "both the plan administrator and the funding source for benefits." *Abatie*, 458 F.3d  at

5    965.  The Ninth Circuit characterized this structural conflict of interest as follows:

6          On the one hand, such an administrator is responsible for administering the
          plan so that those who deserve benefits receive them.  On the other hand,
7          such an administrator has an incentive to pay as little in benefits as possible
          to plan participants because the less money the insurer pays out, the more
8          money it retains in its own coffers.

9    *Id.* at 965-66 (citing *Doe v. Group Hosp. & Med. Servs.*, 3 F.3d 80, 86 (4th Cir. 1993)

10   (noting that "to the extent that [the administrator] has discretion to avoid paying claims,

11   it thereby promotes the potential for its own profit"); *Brown v. Blue Cross & Blue Shield

12   of Ala., Inc.*, 898 F.2d 1556, 1561 (11th Cir. 1990)).

13         When ERISA discovery is allowed, it "should generally be limited to information

14   relevant to 'the nature, extent, and effect on the decision-making process of any conflict

15   of interest that may appear in the record.'"  *Duran*, 258 F.R.D. at 380 (quoting *Abatie*,

16   458 F.3d at 965) (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir.

17   2007) ("Because an ERISA plaintiff may be permitted to supplement the administrative

18   record with evidence of a conflict of interest on the part of the defendant, [citation], we

19   agree with [plaintiff] that *some* discovery aimed at demonstrating a conflict of interest

20   may have been appropriate.").  However, broad fishing expeditions are not allowed.  *See

21   Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007); *Klund v.

22   Hight Tech. Solutions, Inc.*, 417 F. Supp. 2d 1155, 1159 (S.D. Cal. 2005) (noting that

23   "discovery cannot be as broad and overreaching in ERISA cases as in other types of

24   litigation").  Whether to permit discovery is up to the discretion of the district court.

25   *Burke v. Ptiney Bowes Long-Term Disability Plan*, 544 F.3d 1016, 1028 n.15 (9th Cir.

26   2008).

27   / / /

28   / / /

### 2.     Parties' Arguments

Plaintiff seeks to conduct discovery aimed at uncovering Defendants' "claims handling procedures, guidelines or other related documents" as well as "discovery into the relationship between Defendants Qualcomm and UnitedHealthcare including any agreements relating to plan administration or stop loss insurance. Plaintiff is not seeking to add any additional evidence to the administrative record relating to his medical condition." (ECF No. 13 at 2:8-14.) Stated differently, Plaintiff seeks "discovery of the procedures, standards and methods prescribing how his claim was to have been evaluated." (*Id.* at 3:23-25.) Plaintiff contends that whether any of these standards were violated is relevant to show that the claims process was handled arbitrarily and capriciously, or resulted in severe or flagrant procedural irregularities. (*Id.* at 3:25-4:2.) Plaintiff contends that such evidence could require that his claim be reviewed under a de novo standard, but that even if the proper standard is for abuse of discretion, the discovery is permitted because it is relevant to the Court's conflict of interest analysis. (*Id.* at 8:12-9:3.)

Defendants contends the Court should not permit any discovery outside the administrative record because this ERISA case is governed by an abuse of discretion standard in light of the Plan's unambiguous language conferring discretion upon Defendants to interpret the Plan terms. (*Id.* at 2:26-5.) Defendants further contend Plaintiff has failed to demonstrate any severe or flagrant procedural irregularities to justify permitting discovery outside the administrative record. (*Id.* at 6:16-8:2.)

### 3.     Analysis

As an initial matter, the fact that a structural conflict of interest is present in this case is undisputed. Indeed, the record establishes that Qualcomm is both a funding source and administrator of the Plan. (*See id.* at 23-24.) Moreover, the Plan unambiguously provides that Defendants have exclusive discretion to interpret the Plan's terms and determine whether benefits should be afforded under the Plan. (*See id.* at 20-21, 23.)

In light of the structural conflict of interest and the Plan's plain language bestowing discretion upon Defendants, "[a] reviewing court using the abuse of discretion standard must evaluate the nature, extent, and effect of the conflict in deciding how skeptically to view the conflicted administrator's decision." *Klein*, 806 F. Supp. 2d at 1126 (citing *Abatie*, 458 F.3d at 968-69); *see also Saffron v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) ("[W]hen reviewing a discretionary denial of benefits by a plan administrator who is subject to a conflict of interest, we must determine the extent to which the conflict influenced the administrator's decision and discount to that extent the deference we accord the administrator's decision."). The Court therefore has discretion to permit discovery outside of the administrative record to permit a thorough evaluation of the nature, extent, and effect the conflict of interest had in influencing Defendants' handling of Plaintiff's claim in this case.

Upon review of the parties' arguments and the evidence presented, the Court exercises its discretion to permit limited discovery beyond the administrative record. This case involves an exceptional situation where Plaintiff has alleged that Defendants initially approved Plan coverage for a one-week trial run of nerve stimulation. Further, once that trial run proved successful, Defendants initially approved Plaintiff's claim for a permanent occipital nerve stimulator implant. However, Defendants rescinded this approval shortly before Plaintiff's scheduled implant procedure. Thus, Plaintiff has proffered potential inconsistencies with the way the claim was handled that compel the Court to exercise its discretion to allow limited discovery to permit a full examination of the impact the undisputed structural conflict of interest had on Defendants' claim handling decisions.

In permitting limited discovery, the Court is not finding that Plaintiff has established the existence of severe or flagrant procedural irregularities justifying a de novo review. Such a finding is unnecessary to determine whether to permit discovery. Indeed, even if the proper standard of review in this case is abuse of discretion, the Court has discretion to permit discovery outside the administrative record "limited to

1   information relevant to 'the nature, extent, and effect on the decision-making process of

2   any conflict of interest.'" *Duran*, 258 F.R.D. at 380 (quoting *Abatie*, 458 F.3d at 965)).

3   Accordingly, the Court rejects Defendants' argument that discovery beyond the

4   administrative record must be "disallowed in ERISA cases where the District Court

5   reviews the administrator's decision(s) under an abuse of discretion standard." (ECF No.

6   13 at 2:27-28.) This argument is unsupported by *Abatie* and its progeny.

7       The Court's next task is to determine if Plaintiff's requested discovery is

8   appropriate. Plaintiff has proposed serving five separate request for documents. (ECF

9   No. 14 at 63-65.) The Court considers each request in turn.

10      a.      Request Nos. 1 and 2

11      Request No. 1 seeks:

12

13          Any and all QUALCOMM manuals and/or guidelines in effect from
        January 2011 to the present that in any way relate to the administration

14      and/or management of the subject plan and procedures for claims for health
        care/medical treatment including but not limited to plan formation, plan
        administration, plan management, benefit pre-authorization procedures,

15      utilization review, claim payments, claim payment calculations, claim
        handling, appeals and any other documents regarding or referring to any

16      related procedures.

17   (ECF No. 14 at 64:11-17.) Request No. 2 seeks the same documents from United. (*Id.*

18   at 64:18-24.)

19      Essentially, Plaintiffs seeks disclosure of Defendants' manuals and guidelines

20   relating to their claim handling procedures. This area of inquiry is proper. *See Klein*, 806

21   F. Supp. 2d at 1128 ("Because whether procedures were followed is relevant, requests

22   for all documents related to procedures manuals, guidelines and other documents relating

23   to the handling of claims involving the particular disability are also relevant."); *Zewdu*

24   *v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 628 (N.D. Cal. 2010)

25   (permitting discovery of manuals and other documents relevant to claim handling

26   procedures). Accordingly, the Court **GRANTS** Plaintiff's request to serve Defendants

27   / / /

28   / / /

- 7 -

1   with Request Nos. 1 and 2.[1]

2                  b.    Request No. 3

3        Request No. 3 seeks: "Any and all agreements between QUALCOMM and

4   UNITEDHEALTHCARE relating to the management and/or administration of the health

5   insurance plan/policy at issue herein." (ECF No. 14 at 64:25-27.)  As with Request Nos.

6   1 and 2, the Court believes the documents sought by Request No. 3 are appropriately

7   tailored to determining the nature, extent, and effect of the structural conflict of interest.

8   Accordingly, the Court **GRANTS** Plaintiff's request to serve Defendants with Request

9   No. 3.

10                 c.    Request No. 4

11       Request No. 4 seeks: "Any and all stop loss and/or other insurance agreements

12  between  QUALCOMM  and  UNITEDHEALTHCARE,  or  issued  by

13  UNITEDHEALTHCARE and providing benefits and/or coverage to QUALCOMM,

14  relating in any way to the health insurance plan/policy at issue herein." (ECF No. 14 at

15  65:1-4.)  Again, the Court finds these documents are relevant to the Court's structural

16  conflict of interest analysis.  Accordingly, the Court **GRANTS** Plaintiff's request to serve

17  Defendants with Request No. 4.

18                 d.    Request No. 5

19       Request No. 5 seeks: "Any and all notes and/or activity logs regarding the subject

20  claim." (ECF No. 14 at 65:5-7.)  Documents pertaining to an ERISA plaintiff's claim

21  that are found in the defendants' files are appropriate.  *See Zewdu*, 264 F.R.D. at 628

22  (permitting discovery of "all documents contained in the files of either Defendant or

23  MetLife pertaining to Plaintiff's claim during the relevant time period.").  Accordingly,

24  the Court **GRANTS** Plaintiff's request to serve Defendants with Request No. 5.

25  / / /

26

27       [1] The Court notes that Plaintiff's proposed first set of documents requests are
    intended to be served jointly on both Defendants.  However, Plaintiff should serve each
28  Defendant with a separate set of document requests so that each Defendant may respond
    to the requests independently.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's request to serve limited discovery on Defendants is **GRANTED**.  That being said, the Court's ruling does not preclude Defendants from asserting valid privilege or other objections to the requests that might apply.

**IT IS SO ORDERED.**

DATED:  September 12, 2014

DAVID H. BARTICK
United States Magistrate Judge